**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| JOSE PEREZ, | : | Civil No.: 10-655 (SDW) |
| Petitioner, | : | |
| v. | : | **O P I N I O N** |
| LARRY GLOVER, et al., | : | |
| Respondents. | : | |

**APPEARANCES:**

    JOSE PEREZ, Petitioner Pro Se
    #554257 / SBI 808570B
    Northern State Prison
    168 Frontage Road, P.O. Box 2300
    Newark, New Jersey 07114

    JOHN VINCENT SAYKANIC, ESQ., Movant
    1135 Clifton Avenue
    Clifton, New Jersey 07013

**WIGENTON**, District Judge

On or about February 5, 2010, Petitioner, Jose Perez, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. With his petition, Petitioner submitted an application to proceed in forma pauperis ("IFP"), and an application and affidavit by movant, John Vincent Saykanic, Esq. ("Saykanic"), for his assignment as counsel under the Criminal Justice Act ("CJA") retroactive to January 2, 2010. The motion for appointment of counsel is being decided pursuant to Fed.R.Civ.P.

78. For the reasons set forth below, Petitioner and Saykanic's request for assignment as counsel under the CJA is denied without prejudice. Petitioner's application to proceed IFP will be granted.

## I.   **DISCUSSION**

A.   Motion for Assignment of Counsel

In his habeas petition, at Part Ten, Petitioner asks that Saykanic be appointed as counsel under the CJA, retroactive to include Saykanic's work on the habeas petition. (Petition, pp. 40-41). Petitioner states that he believes he needs an attorney to represent him in his habeas action because Petitioner has no legal education, and is unfamiliar with the law. Petitioner further states that Saykanic had represented him in his direct appeal in state court and is familiar with Petitioner's case. Saykanic also had prepared the habeas petition for Petitioner without any payment. Petitioner states that he needs further legal assistance because he wants to file a traverse brief once the State has answered the petition. (Pet., pg. 41).

In an Affidavit in support of the motion for appointment of counsel (Docket entry no. 1-3), Saykanic states that he has extensive experience in representing prisoners in habeas matters and has been appointed as counsel in several significant cases in the District of New Jersey. Saykanic further states that he believes that Petitioner's case has several meritorious federal

constitutional questions, including that the Due Process Clause under the Fourteenth Amendment was violated due to an inconsistent verdict and insufficient evidence to support the weapons conviction.

B. <u>Analysis</u>

There is no Sixth Amendment right to appointment of counsel in habeas proceedings. <u>See</u> <u>Pennsylvania v. Finley</u>, 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987) ("our cases establish that the right to appointed counsel extends to the first appeal of right, and no further"); <u>Parham v. Johnson</u>, 126 F.3d 454, 456-57 (3d Cir. 1997)(holding that there is no statutory or constitutional right of counsel conferred upon indigent civil litigants); <u>Reese v. Fulcomer</u>, 946 F.2d 247, 263 (3d Cir. 1991), <u>cert</u>. <u>denied</u>, 503 U.S. 988, 112 S.Ct. 1679, 118 L.Ed.2d 396 (1992)("there is no 'automatic' constitutional right to counsel in federal habeas corpus proceedings).

Title 18 of the United States Code, section 3006A(a)(2)(B) states that counsel may be appointed to an indigent habeas petitioner where the "interests of justice so require."[1]  In determining whether the interests of justice require appointment of counsel, the Court must examine whether or not the petitioner has presented a meritorious claim. <u>See</u> <u>Biggins v. Snyder</u>, Civ.

---

[1] Likewise, 28 U.S.C. § 1915(e)(1) provides that a court may "request an attorney to represent any person unable to afford counsel."

3

No. 99-188, 2001 WL 125337, at * 3 (D.Del. Feb. 8, 2001)(citing Reese v. Fulcomer, 946 F.2d 247, 263-64 (3d Cir. 1991))(other citations omitted).  Next, the Court must determine whether the appointment of counsel will benefit both the petitioner and the Court by examining the legal complexity of the case and the petitioner's ability to present his claims and investigate facts.  See Biggins, 2001 WL 125337, at *3 (citing Reese, 946 F.2d at 264; Parham v. Johnson, 126 F.3d 454, 457-58 (3d Cir. 1997); Tabron v. Grace, 6 F.3d 147, 155-56 (3d Cir. 1993))(other citations omitted).  "Where these issues are 'straightforward and capable of resolution on the record,' or when the petitioner has 'a good understanding of the issues and the ability to present forcefully and coherently his contentions,' the court would not abuse its discretion in declining to appoint counsel."  Biggins, 2001 WL 125337, at *3 (citations and quotations omitted); see also Paul v. Attorney General of New Jersey, Civ. No. 91-3258, 1992 WL 184358, at * 1 (D.N.J. July 10, 1992)(stating that the factors the court should consider in appointing counsel include: "(I) the likelihood of success on the merits; (ii) the complexity of the legal issues raised by the complaint; and (iii) the ability of the prisoner to investigate and present the case").

   Here, the Court must first determine if Petitioner states non-frivolous, meritorious claims.  In his petition, Petitioner assert eight claims in a pleading drafted by Saykanic and derived

from the direct appeal in this matter.  (See Petition at pp. 2-39).  From the face of the petition, these claims do not appear to be frivolous, and may or may not have merit.  See Neitzke v. Williams, 490 U.S. 319, 325 (1989)(in actions filed under 42 U.S.C. § 1983, a "frivolous" complaint is defined as one which has "inarguable legal conclusions" or "fanciful factual allegations").

Next, the Court must examine whether the appointment of counsel will benefit the Court and Petitioner.  This case seems to be fairly "straightforward and capable of resolution on the record."  See Parham, 126 F.3d at 460 (citing Ferguson v. Jones, 905 F.2d 211, 214 (8th Cir.1990)).  Petitioner's claims are not complex and are capable of resolution on the record.  Indeed, this Court's review of the petition is limited to reviewing whether the state court adjudications:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

See 28 U.S.C. § 2254(d).  With regard to Petitioner's claims, the record to be supplied by Respondents should provide the Court with the information needed to resolve this case.  It does not appear that expert testimony will be required.

5

A review of this case reveals that neither the legal issues which Petitioner must address, nor the factual underpinnings of his allegations are so complex as to warrant representation by an attorney. The overall allegations of the petition do not appear to be either factually or legally complicated. Petitioner's claim also can be resolved by a review of the record in this matter. Finally, Petitioner may prove his allegations, and, to date, Petitioner's claims have been presented thoroughly and extensively in a clear, concise and articulate manner.

In sum, Petitioner has failed to demonstrate that special circumstances warrant the appointment of pro bono counsel in this action. Should Petitioner require additional time to meet deadlines, and, of course, makes the requisite good faith/good cause showing, this Court will entertain such request.

Therefore, at this early point in the proceedings, the Court will deny Petitioner's application to appoint counsel, without prejudice, as it does not appear that the appointment of counsel would benefit both Petitioner and the Court at this time.

However, it does appear that, based on Petitioner's Declaration of Indigency, filed within this motion, Petitioner may proceed <u>in</u> <u>forma</u> <u>pauperis</u>.

**CONCLUSION**

Therefore, for the reasons set forth above, Petitioner's motion for appointment of counsel will be denied at this time. The application to proceed in forma pauperis is granted. An appropriate Order accompanies this Opinion.

s/Susan D. Wigenton
SUSAN D. WIGENTON
United States District Judge

Dated: October 6, 2010